UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIE J. GRIFFIN, JR.**<br>BOP#04667-017 | : | **CIVIL ACTION  NO. 2:14-cv-823**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **WARDEN FEDERAL CORRECTIONAL INSTITUTE OAKDAL A/K/A**<br>**C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

REPORT AND RECOMMENDATION

Before the court is the *pro se* habeas corpus petition filed pursuant to 28 U.S.C. § 2241 by petitioner Willie J. Griffin, Jr.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (hereinafter "BOP"); he is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (hereinafter "FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

I.
Background

Following a jury trial, Griffin was found guilty of conspiracy with intent to distribute cocaine and possession with intent to distribute cocaine.  Doc. 1, p. 2.  On December 2, 1999, he was sentenced in the United States District Court for the Northern District of Florida to 236 months imprisonment followed by eight years of supervised release.  Doc. 1, pp. 1, 2. [1]  Griffin appealed his conviction and sentence to the United States Court of Appeals for the Eleventh

---

[1] In 1996, Griffin was convicted of a controlled substance violation in the Circuit Court of Escambia County, Florida.  See *Griffin v. DeRosa*, 3:10-cv-342 (U.S. District Court, N.D. Fla.).

Circuit which issued an opinion on April 19, 2001 upholding the sentence. Doc. 1, p. 2; *United States v. Griffin*, 253 F.2d 709 (11th Cir. 2001). Griffin then filed a habeas corpus petition pursuant to 28 U.S.C. § 2255 with the sentencing court and appealed the denial of that petition to the Eleventh Circuit. Doc. 1, p. 2; *See also Griffin v. Hogsten*, 2007 WL 1811222 (U.S. Dist. Court, M.D. Pa. 2007). He also sought a writ of certiorari from the United States Supreme Court, which was denied. *Id*. Griffin filed a subsequent section 2255 motion which was denied as successive on August 27, 2009. See *Griffin v. Butterworth*, 3:10-cv-342 (U.S. Dist. Court, N.D. Fla.). Griffin also filed several habeas petitions under 28 USC §2241 challenging the use of his prior state conviction to enhance his 1999 federal sentence. All petitions were denied.[2]

On April 14, 2014, Griffin filed the current habeas corpus petition pursuant to 28 U.S.C. § 2241. Therein, he claims that:

(1) He is actually innocent of the § 851 enhancement in light of *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013) as his state conviction does not require the *mens rea* element found in its federal counterpart, 21 U.S.C. § 841 (a)(1) and therefor is not punishable as a felony under the Controlled Substance Act.

(2) The court's use of his prior conviction violates *Descamps v. United States*, 133 S.Ct. 2276, 186 L.Ed. 2d 438 (2013) as it was used as a predicate offense to enhance the mandatory minimum pursuant to § 851. Doc. 1, pp. 4-5.

(3) The court's position as found in *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) and/or Fifth Circuit precedent is contrary to Supreme Court case law which allows a petitioner to claim actual innocence of a sentence versus a conviction only.

(4) This court must declare *Alleyne v. United States,* 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) retroactively applicable.

---

[2] See *Griffin v. Hogsten*, 2007 WL 1140658 (U.S. Dist. Court, M.D. Penn. 2007); *Griffin v. Hogsten*, 2007 WL 331406 (3rd Cir. 2007); *Griffin v. Hollingsworth*, 2011 WL 855336 (U.S. Dist. Court, S.D. Illinois 2011).

(5)     His conviction under § 841(b) is flawed because Congress did not intend for federal law to override the constitutional balance of federal and state powers. Doc. 3, pp. 2-4.

(6)     The omission of drug quantity in a particular case is structural error in violation of the Fifth and Sixth Amendments where a defendant raised a grand jury and jury trial challenge to the constructive amendment of the indictment which resulted in a change of proof at trial, and that *McMillian v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed. 2d 67 must be overruled. Doc. 8, p. 2.

## II.
## Law and Analysis

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, petitioner collaterally attacks his incarceration arguing errors with respect to his federal conviction. He challenges the sentence imposed, not the execution of that sentence. Therefore, his claim should be advanced in a § 2255 Motion to Vacate.

Federal prisoners may use 28 U.S.C. § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the "savings clause" of § 2255. *Reyes-Requena*, 243 F.3d at 901. The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2)

his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.*

Griffin does not satisfy the criteria set forth above. He argues that his sentence was wrongfully enhanced because his prior state conviction did not require the *mens rea* element whereas the Controlled Substance Act requires such a *mens rea*. He relies on *Moncrieffe v. Holder*, 569 U.S. ___ (2013), arguing that his sentence was wrongfully enhanced. Griffin's reliance on this case is erroneous. In *Moncrieffe*, the Supreme Court addressed whether a Georgia conviction for possession of marijuana with the intent to distribute constituted an aggravated felony for drug trafficking under the Immigration and Nationality Act (hereinafter "INA"). This case is not relevant to Griffin's argument.

Furthermore, Griffin's reliance on *Moncrieffe v. Holder*, *supra*, *Descamps v. United States*, 570 U.S.___ (2013), *Apprendi v. New Jersey*, 530 U.S. 466, (2000), and *Alleyne v. United States*, 570 U.S.___ (2013) is similarly misplaced. Specifically, he has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. The Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). [3] The Supreme Court has not declared any of the cases cited by Griffin to be retroactively applicable on collateral review.

---

[3] See *Randolph v. United States*, 2013 WL 5960881 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit

### III.
### Conclusion

Since Griffin has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

---

court opinion so holding."); *Roscoe v. United States*, 2013 WL 5636686 (N.D. Ala. Oct. 16, 2013) (noting the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *Strickland v. English*, 2013 WL 4502302 (N.D. Fla. Aug. 22, 2013) (finding that "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013), noting that "*Alleyne* is a direct criminal appeal…and therefore did not involve a retroactive application of a rule on collateral review."

**the legal conclusions accepted by the District Court, except upon grounds of plain error.**
*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 18th day of February, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE